Maytak Chin (SBN 288155)
mchin@reedsmith.com
Mariah K. Fairley (SBN 336353)
mfairley@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone:    +1 415 543 8700
Facsimile:    +1 415 391 8269

*Attorneys for Specially Appearing*
*G6 Hospitality Franchising LLC*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORO DAM HOSPITALITY LLC, a California limited liability company | Case No. 2:26-cv-01876-DMC |
| Plaintiffs, | **STIPULATION AND ORDER FOR LEAVE OF COURT TO MEDIATE AND FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT** |
| v. | |
| G6 HOSPITALITY FRANCHISING LLC, a Delaware limited liability company | Complaint Filed: May 20, 2026 |
| Defendants. | Magistrate Judge Dennis M. Cota |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

-1-

Plaintiff Oro Dam Hospitality LLC ("Plaintiff") and specially appearing Defendant G6 Hospitality Franchising LLC ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, respectfully submit this Stipulation and Order for Leave of Court to Mediate and to extend Defendant's time to respond to the Complaint.

WHEREAS, Plaintiff filed its Complaint in this Court on May 20, 2026;

WHEREAS, Defendant was served with a copy of the Complaint on May 21, 2026;

WHEREAS, Defendant retained counsel to represent it in this action on or about June 5, 2026, and Defendant's counsel promptly requested a responsive pleading extension on June 8, 2026;

WHEREAS, Defendant's current deadline to respond to the Complaint is June 11, 2026;

WHEREAS, Section 23.2 of the Franchise Agreement between the Parties contains a mandatory provision to mediate prior to proceeding with litigation, which relevantly requires that the Parties submit any claim, controversy, or dispute arising out of or relating to the Franchise Agreement or the relationship created by the Franchise Agreement, to non-binding mediation before bringing such claim, controversy, or dispute in a court;

WHEREAS, the Parties wish to comply with the contractual mediation requirement and believe that mediation may facilitate a resolution of this matter, and Defendant agrees to waive the failure to mediate prior to filing suit defense in exchange for Plaintiff's agreement to mediate and stay the case pending meditation;

WHEREAS, the Parties shall jointly meet and confer and agree to a mutually agreeable meditation process and procedure; and

WHEREAS, the Parties jointly request that this Court grant leave and stay Defendant's deadline to file a responsive pleading for a period of ninety (90) days from the date of the Court's order, to allow the Parties to complete mediation in accordance with the Franchise Agreement, with the Parties having the option to seek further leave of court to renew this Stipulation if mediation remains pending at the expiration of such period.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES AS FOLLOWS:

1. The Parties respectfully request leave of Court to stay the deadline for Defendant to file a responsive pleading to the Complaint for a period of ninety (90) days from the date of the Court's order, to allow the Parties to complete non-binding mediation in accordance with Section 23.2 of the Franchise Agreement, with the Parties having the option to seek further leave of court to renew this Stipulation if mediation remains pending at the expiration of such period.

2. If mediation does not result in a resolution of the dispute, Defendant shall file its responsive pleading to the Complaint within thirty (30) days after the conclusion or termination of mediation;

3. The Parties expressly waive any and all arguments, claims, or defenses based on the failure to exhaust the contractual mediation requirement set forth in Section 23.2 of the Franchise Agreement prior to the filing of the Complaint in this action.

4. Except as expressly set forth herein, this Stipulation shall not constitute a waiver of any party's rights, claims, or defenses, all of which are expressly reserved.

**IT IS SO STIPULATED.**

Dated: June 11, 2026                                      REED SMITH LLP

/S/ MAYTAK CHIN

By:    Maytak Chin (SBN 288155)
       Mariah K. Fairley (SBN 336353)

*Attorneys for Specially Appearing*
*G6 Hospitality Franchising LLC*

-3-

STIPULATION AND ORDER FOR LEAVE OF
COURT TO MEDIATE AND FOR EXTENSION OF
TIME TO RESPOND TO COMPLAINT

Dated: June 11, 2026

PETERSON WATTS LAW GROUP, LLP

*/s/ Glenn W. Peterson* (as authorized on June 10, 2026)

By: *Glenn W. Peterson (SBN 126173)*
*Tara L. Paris (SBN 363893)*

*Attorneys for Plaintiff*
*Oro Dam Hospitality LLC*

## ORDER

Having reviewed the foregoing Stipulation of the Parties and finding good cause therefor, IT IS HEREBY ORDERED THAT:

1.  The Parties are granted leave of Court to stay the deadline for Defendant to file a responsive pleading to the Complaint for a period of ninety (90) days from the date of the Court's order, to allow the Parties to complete non-binding mediation in accordance with Section 23.2 of the Franchise Agreement, with the Parties having the option to seek further leave of court to renew the Stipulation if mediation remains pending at the expiration of such period.

2.  If mediation does not result in a resolution of the dispute, Defendant shall file its responsive pleading to the Complaint within thirty (30) days after the conclusion or termination of mediation;

3.  The Parties expressly waive any and all arguments, claims, or defenses based on the failure to exhaust the contractual mediation requirement set forth in Section 23.2 of the Franchise Agreement prior to the filing of the Complaint in this action.

4.  Except as expressly set forth therein, the Stipulation shall not constitute a waiver of any party's rights, claims, or defenses, all of which are expressly reserved.

**IT IS SO ORDERED.**

Dated:  June 15, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

-4-